UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
NICOMEDES FLORES a/k/a "Pablo" and CRISOFORO    Case No.: 16 CV 2233 (KPF)
CAMPOS, *on behalf of themselves, FLSA Collective*
*Plaintiffs and the Class,*

                                   Plaintiffs,

                -against-

201 WEST 103 CORP. d/b/a BUCHETTA, 412
AMSTERDAM CORP. d/b/a BETTOLA, IANO CORP.
d/b/a ACQUA, 886 AMSTERDAM AVENUE CORP.,
d/b/a ARCO CAFÉ, 994 COLUMBUS AVNUE CORP.
d/b/a ISOLA, 3143 BROADWAY CORP. d/b/a
BETTOLONA, 1600 AMSTERDAM AVENUE CORP.
d/b/a COCCOLA, SEBASTIANO CAPPITTA, DANIELE
FIORI, and FRANCESCA FIORI,

                                   Defendants.

--------------------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS


KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*
By: Jeffery A. Meyer, Esq.
Aaron N. Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iv

PRELIMINARY STATEMENT ....................................................................... 1

SUMMARY OF PLAINTIFFS' ALLEGATIONS ...................................... 2

ARGUMENT .................................................................................................. 4

POINT I ......................................................................................................... 6

      THE MOVING DEFENDANTS ARE ENTITLED
      TO DISMISSAL AS THEY DID NOT FORMALLY
      OR FUNCTIONALLY CONTROL PLAINTIFF'S
      EMPLOYMENT ......................................................................................... 5

  i.    The Allegations in the Complaint are Insufficient to
       Establish the Existence of a "Single Integrated
       Enterprise." ........................................................................................... 5

  ii.   Plaintiffs "Single Integrated Claim Against
       the Defendants Fails Because Plaintiffs
       do not Allege that the Moving Defendants
       Controlled Their Employment ......................................................... 15

POINT II .......................................................................................... 9

      PLAINTIFFS CANNOT STATE A CLAIM BY
      ALLEGING THAT THE MOVING DEFENDANTS
      WERE A "SINGLE INTEGRATED ENTERPRISE ............................. 9

POINT III ......................................................................................... 11

      DISMISSAL OF PLAINTIFFS "SINGLE INTEGRATED
      CLAIMS AGAINST THE MOVING CORPORATE
      DEFENDANTS MANDATES DISMISSAL OF
      PLAINTIFFS' CLAIMS AGAINST THE MOVING
      INDIVIDUAL DEFENDANTS ........................................................... 19

CONCLUSION ................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Accord Rescuecom Corp. v. Google Inc.*
562 F.3d 123 (2d Cir.2009) ............................................................................... 5

*Apolinar v. R.J. 49, Rest., LLC,*
15-cv-8655 (KBF), 2016 WL 2903278 (S.D.N.Y. May 18, 2016) ..................................... Passim

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)........................................................................................ 4

*Baez v. New York*, 56 F.Supp.3d 456, 466 (S.D.N.Y. 2014) ........................................ 5

*Barbosa v. Continuum Health Partners, Inc.,*
716 F. Supp. 2d 210, 219 (S.D.N.Y. 2010) ............................................................. 12

*Bravo v. Established Burger One LLC*
12 CIV. 9044, 2013 U.S. Dist. LEXIS 146237, at *1 (S.D.N.Y. Oct. 8, 2013). ................ Passim

*Cannon v. Douglas Eillman, LLC,*
No. 06 CV 7092 (NRB), 2007 U.S. Dist. LEXIS 91139(S.D.N.Y. 2007) ........................... 7, 17

*Cooper v. Parsky*
140 F.3d 433 (2d Cir.1998) ............................................................................... 4

*Diaz v. Consortium for Worker Educ., Inc.,*
No. 10 CV 08148 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. 2020) ........................ 7

*Hart v. Rick's Caberet Int'l Inc.,*
976 F.Supp.2d 901, 940 n. 16 (S.D.N.Y. 2013) ..................................................... 9

*Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir. 1999) ............................... 6, 7, 8

*Iqbal,* 56 U.S. at 678 ..................................................................................... 5

*Irizarry v. Catsimatidis,*
722 F.3d 99, 104 (2d Cir. 2013) ....................................................................... 6, 8

*Juarez v. 449 Rest. Inc.,*
29 F.Supp.3d 363, 367 (S.D.N.Y. 20140 ............................................................ Passim

*King v. Simpson*
189 F.3d 284 (2d Cir.1999) ............................................................................. 4

*Lopez v. Acme Am. Envtl. Co.,*
No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *4 (S.D.N.Y. Dec. 6, 2012) .... *Passim*

*Mangiafico v. Blumenthal*
471 F.3d 391 (2d Cir.2006) ................................................................................. 5

*Ofori–Tenkorang v. American Int'l Group, Inc.*
460 F.3d 296 (2d Cir.2006) ................................................................................. 5

*Ouedraogo v. A-1 Int'l Courier Serv. Inc,*
12-CV-5651 (AJN) (S.D.N.Y.) ......................................................................... 13

*Santana v. Fishlegs, LLC*
No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov 7, 2013) ......... Passim

*Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*
642 F.2d 31 (2d Cir. 1981) ................................................................................. 4

*Thai v. Cayre Grp., Ltd.,*
726 F. Supp. 2d 323, 328 (S.D.N.Y. 2010) ........................................................ 5

*Wolman v. Catholic Health,* 853 F.Supp.2d 290, 298 (E.D.N.Y. 2012) ...................... 9

*Zheng v. Liberty Apparel Co., 355 F. 3d 61, 67 (2d Cir. 2003)*
22 N.Y.2d 1024 (2013) ......................................................................... Passim

## Statutes

29 U.S.C. § 203(d)(g) ......................................................................................... 6

Fair Labors Standards Act ("FLSA") ............................................................. 1, 6, 7, 8, 9, 15, 16

New York Labor Law ......................................................................... 1, 6, 7, 8, 9, 15, 16

4834-3427-6408, v. 1

## PRELIMINARY STATEMENT

Defendants 412 Amsterdam Corp. d/b/a Bettola ("Betolla"), Iano Corp. d/b/a Acqua ("Acqua"), 886 Amsterdam Avenue Corp. d/b/a Arco Café ("Arco"), 994 Columbus Avenue Corp. d/b/a Isola ("Isola") 3143 Broadway Corp. d/b/a Bettolona ("Bettolona"), 1600 Amsterdam Avenue Corp. d/b/a Coccola ("Coccola") (Coccola, Bettolona, Isola, Arco, Acqua, and Bettolla are collectively referred to herein as the "Moving Corporate Defendants"), Daniele Fiori ("Daniele"), and Francesca Fiori ("Francesca") (Daniele and Francesca are collectively referred to herein as the "Moving Individual Defendants") (the Moving Corporate Defendants and the Moving Individual Defendants are collectively referred to herein as the "Moving Defendants") respectfully submit this Memorandum of Law in Support of their motion to dismiss Plaintiffs' First Amended Class and Collective Action Complaint (the "Complaint").

Plaintiffs Nicomedes Flores ("Flores") and Crisoforo Campos ("Campos") (Campos and Flores are collectively referred to herein as "Plaintiffs") allege that they were employees of Defendant 201 West 103 Corp. d/b/a Buchetta ("Buchetta").  Although Plaintiffs admit that they worked only at Buchetta, they have sued six other restaurants and two individuals for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") despite the fact that they were never employed by the Moving Defendants.  Plaintiffs rest their inappropriate expansion of their case on the allegation that the Moving Defendants form a "single integrated enterprise."  Plaintiffs buttress this claim with a few scant facts, namely that the Moving Corporate Defendants had "similar menu items," "shared supplies," were "advertised jointly," and that Plaintiffs' undescribed "observations and conversations" with others demonstrates similar violations at all of the named establishments.

1

Even if the Court were to presume that a "single integrated enterprise" theory is available to Plaintiffs, these threadbare factual allegations are woefully insufficient to state a claim. Beyond the few facts offered, the Complaint sets forth nothing more than boilerplate resuscitations of applicable legal standards regarding the alleged involvement of the Moving Defendants in an attempt to rope separate entities into this wage and hour class and collective action. In sum, as Plaintiffs do not, and cannot plead that they had an employment relationship with any of the Moving Defendants, dismissal is warranted.

## SUMMARY OF ALLEGATIONS

Plaintiffs bring this putative class and collective action against the Moving Defendants, Buchetta, and Sebastiano Cappitta ("Cappitta") an individual alleged to have an ownership interest in Buchetta as well as the Moving Corporate Defendants. Flores worked at Buchetta as a deliveryman during the period of March 5, 2013 to March 15, 2016. Compl. ¶ 24.[1] Campos worked at Buchetta as a dishwasher and food preparer from December 2012 to March 5, 2016. Compl. ¶ 28. Plaintiffs claim that the Moving Corporate Defendants, which are all Italian restaurants allegedly commonly owned by Defendant Cappitta, constitute a "single integrated enterprise." Compl. ¶ 7. Plaintiffs do not claim that they worked at any of the restaurants operated by the Moving Corporate Defendants. Likewise, Plaintiffs do not claim that any of the Moving Defendants had any formal or functional control over their employment. Rather, relying on the alleged existence of a "single integrated enterprise," Plaintiffs seek to certify a class and collective founded their claim that all of the Moving Defendants were Plaintiffs' "employers" under the FLSA and NYLL and violated these statutes by: i) failing to pay overtime; ii) failing to

---

[1] A copy of Plaintiffs' First Amended Class and Collective Action Complaint is annexed to the Declaration of Jeffery A. Meyer in support of the Moving Defendants' Motion to Dismiss ("Meyer Dec.") as Exhibit A.

pay the appropriate minimum wage; iii) improperly relying upon the "tip credit;" iv) failing to pay "spread of hours;" v) failing to provide wage notices; and vi) failing to provide wage statements. Compl. ¶ 46-65.

However, stripping away all of the Complaint's conclusory allegations and bare recitations of applicable legal standards, Plaintiff's "single integrated enterprise claim" is supported by only a handful of factual allegations. Specifically, Plaintiffs' claim that: i) they were "regularly" required to transfer "produce, ingredients, and supplies" among several of the Moving Corporate Defendants; ii) the Moving Corporate Defendants are all "Brick Oven Pizza" Italian restaurants and serve "similar" menu items; and iii) based on their "direct observations[2] and conversations with employees" of the Moving Corporate Defendants plaintiffs learned that employees at other restaurants: a) worked similar hours; b) were paid on a salary basis; c) were assigned to perform excessive "non-tipped" work; and d) did not receive wage statements or notices. Compl. ¶¶ 26-65.

In addition to these small morsels of information, Plaintiffs claim that the Moving Corporate Defendants are advertised and jointly marketed on the internet. In what purports to be factual support for this allegation, Plaintiffs cite a single news article, annexed to their Complaint, in which Defendant Cappita is described as "building an empire of seven restaurants" including the Moving Corporate Defendants. Comp. Ex 1.[3] Plaintiffs also point out that Acqua and Bettola, are both listed on Defendants' website at www.sebastianoitaliano.com. Compl. at ¶ 7. Notably, Buchetta, the restaurant where Plaintiffs worked, is ***not listed*** on the website. *See*

---

[2] Defendants are mindful of the manner in which the Court must construe the factual allegations in the Complaint for the purposes of this motion. However, Plaintiffs' allegation that they had "direct observations" of working conditions at restaurants where they never worked is arguably incredulous.

[3] The news article annexed to Plaintiff's complaint as Exhibit 1 is submitted into the record on this motion as Exhibit B to the Meyer Dec.

Meyer Dec., Ex. C.[4]  As well, Plaintiffs baldly allege that "employees are interchangeable" between the Moving Corporate Defendants.  Plaintiffs do not provide a single factual statement supporting this conclusory assertion.

Plaintiffs' reliance on the "single integrated enterprise" doctrine requires them to allege more than common ownership and a common purpose.  They must plead facts demonstrating that each of the Moving Defendants controlled Plaintiffs as employees.  As will be discussed at length herein, the allegations in the Complaint fall far short of this standard and the Moving Defendants are entitled to dismissal.

## ARGUMENT

Under the now well-established *Twombly* standard, a Complaint should be dismissed if it does not state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a dismissal on the merits of the action, a determination that the facts alleged in the Complaint fail to state a claim upon which relief may be granted. *See Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.,* 642 F.2d 31, 34 (2d Cir. 1981). Therefore, the issue before the court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999). "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the Complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998).

---

[4] Printouts from the website referenced in the Complaint are annexed to the Meyer Dec. as Exhibit C.  Plaintiffs will likely argue that the Court cannot consider extrinsic evidence on a motion to dismiss.  However, it is well settled that a Court can consider extrinsic evidence on a motion to dismiss without converting same to a motion for summary judgment where, as here, such extrinsic evidence is "part of the pleadings," "annexed to the pleadings as an exhibit," or incorporated in the pleadings by reference, and is integral to the allegations in the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

To survive a motion to dismiss, Plaintiffs' allegations must meet a standard of "plausibility." *Twombly*, 550 U.S. at 564.  A claim satisfies the plausibility standard "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 56 U.S. at 678 (citation omitted). Pleading facts that are "merely consistent with a defendant's liability *Id.* (quotation marks and citations omitted) is insufficient to "nudge[ ] [a Plaintiff's] claims across the line from the conceivable to plausible." *Twombly*, 550 U.S. at 570.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A "Complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir.2006).  In deciding a motion to dismiss, the court must "accept as true all of the factual allegations contained in the Complaint," *Twombly*, 550 U.S. at 572, *Accord Rescuecom Corp. v. Google Inc.,* 562 F.3d 123, 127 (2d Cir.2009) and "draw all reasonable inferences in Plaintiff's favor." *Ofori–Tenkorang v. American Int'l Group, Inc.,* 460 F.3d 296, 298 (2d Cir.2006). However, the Court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness." *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 328 (S.D.N.Y. 2010); *Baez v. New York*, 56 F.Supp.3d 456, 466 (S.D.N.Y. 2014).

## POINT I

### THE MOVING DEFENDANTS ARE ENTITLED TO DISMISSAL AS THEY DID NOT FORMALLY OR FUNCTIONALLY CONTROL PLAINTIFFS' EMPLOYMENT

To state a plausible claim against the Moving Defendants, Plaintiffs must allege facts establishing that *each* Moving Defendant is an "employer" under the FLSA and NYLL.  As Plaintiffs have not alleged a single fact demonstrating that the Moving Defendants had "formal"

or "functional" control over their employment, the Moving Defendants are not "employers," and Plaintiffs' claims against them must be dismissed.

It is axiomatic that, to be held liable under the FLSA and the NYLL,[5] a person or entity must be deemed an "employer." 29 U.S.C. § 203(d). An entity or person "employs" an individual if it "suffer[s] or permit[s]" that individual to work.  29 U.S.C. § 203(g). Moreover, "the overarching concern is whether the alleged employer possessed the power to control the workers in question…with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir. 1999).  The "economic reality" test generally considers four relevant factors: "whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or schedules of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Irizarry v. Catsimatidis,* 722 F.3d 99, 104 (2d Cir. 2013); *Herman,* 172 F.3d at 139; *see also Lian Lin*, 2009 U.S. Dist. LEXIS 29779 at *7 (failure to allege "any facts regarding the positions held by the individual defendants or their power to control Plaintiffs' hours, wages, or other terms and conditions of employment required dismissal of FLSA claims against such individual defendants.).

As an alternative to the formal control test advanced in *Herman*, an entity may functionally control workers even when it does not formally control them. *See Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 67 (2d Cir. 2003).  Functional control is analyzed through a six-part test: "(1) whether [Defendants'] premises and equipment were used for plaintiffs' work; (2) whether [Defendants] had a business that could or did shift as a unit from one putative joint

---

[5] The entirety of this section applies equally to Plaintiffs' claims under the FLSA and NYLL. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, at * 5-6 (S.D.N.Y. Apr. 8, 2009) (finding the analysis of whether a defendant constitutes an employer is the "same" under both the FLSA and NYLL.)

employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Defendant's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [Defendants] or their agents supervise plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominately for the [Defendants]." *Id.*[6]

Here, Plaintiffs do not allege any facts that, if taken as true, establish that the Moving Defendants had "formal" or "functional" control over Plaintiffs. Indeed, as to the Moving Corporate Defendants, the Complaint is devoid of any facts that remotely establish the factors set forth in *Herman* or in *Zheng* or had control over the terms and conditions of their employment. Accordingly, as Plaintiffs cannot establish that the Moving Corporate Defendants were their "employers," their FLSA and NYLL claims must be dismissed. *Diaz v. Consortium for Worker Educ., Inc.,* No. 10 CV 08148 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. 2020) (dismissing FLSA claims against Defendants because "[the] complaint contains no facts indicating that the [corporate defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records" to demonstrate that the [corporate defendant] was plaintiff's employer.); *see e.g. Cannon v. Douglas Eillman, LLC,* No. 06 CV 7092 (NRB), 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. 2007) (dismissing FLSA claims holding that beyond reciting the bare elements of a joint employer relationship, plaintiffs did not show that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work).

Plaintiffs' allegations against the Moving Individual Defendants are similarly deficient. Plaintiffs allege that, **as senior executive officers of Arco**, Daniele and Francesca "exercised

---

[6] The *Zheng* test was developed to address a scenario where a dominant client functionally controlled the operations of a subcontractor. This scenario is not present in this case. Here, Plaintiffs were employed to work at a particular restaurant owned by 201 West 103 Corp. and operated as Buchetta.

control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and Class Members." Compl. ¶ 10.   Flowing from their status as **Arco's** senior executive officers, Plaintiffs claim that Daniele and Francesca had the power to: (i) fire and hire; (ii) determine rates of pay; and (iii) determine work schedules. Compl. ¶ 10.   Putting aside the fact that these allegations are nothing more than bare recitations of the *Herman/Irizarry* factors, these allegations, if they could be taken as true, may establish that Daniele and Francesca, by virtue of their positions at Arco, "employed" Arco's employees within the meaning of the FLSA and NYLL.   However, with respect to Plaintiffs, no such employment relationship exists because Plaintiffs **never worked at Arco**.

Plaintiffs will likely argue that the allegations in Paragraph 10 of the Complaint establish that Daniele and Francesca employed them as well.   However, although the Court is supposed to construe the Complaint's allegations in a certain manner, it is not required to throw logic out the window.   If Daniele and Francesca were vested with authority by virtue of their status as Arco "executives," then that authority could only extend to Arco's employees.   Plaintiffs failed to assert any factual allegation that Francesca and Daniele could simultaneously exert their authority at every other named restaurant, including the one where Plaintiffs worked. Accordingly, Plaintiffs cannot establish that Francesca and Daniele were their "employers" within the meaning of the FLSA and NYLL.   Their claims against the Moving Individual Defendants must be dismissed.[7]

---

[7] Plaintiffs will surely point out that for a period of time before she was a "senior executive officer" at Arco, Daniele was a "manager" at Buchetta and "directly supervised Plaintiffs". Compl. ¶ 10.  However, the complaint is devoid of any factual allegations establishing that in her capacity as a "manager" at Buchetta, Daniele had: (1) the authority to hire and fire Plaintiffs; (2) the authority to set Plaintiffs' wages; or (3) the authority to set Plaintiffs' work hours. Absent such factual allegations, Plaintiffs fail to state a claim that Daniele was an "employer" under the FLSA and NYLL when she worked as a "manager" at Plaintiffs' restaurant. *See e.g. Lian Ling,* 2009 U.S. Dist. LEXIS 29779, at *7 (dismissing complaint that "does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment.)

## POINT II[8]

## PLAINTIFFS CANNOT STATE A CLAIM BY ALLEGING THAT THE MOVING DEFENDANTS WERE A "SINGLE INTEGRATED ENTERPRISE"

As Plaintiffs cannot state a claim against the Moving Defendants as "employers" using traditional methods of analysis, Plaintiffs claim that all of the Moving Defendants are liable as a "single integrated enterprise."

Initially, Defendants note that courts in this Circuit are split as to whether the "integrated enterprise" theory is available in an FLSA action. In Fact, several Courts have prohibited the use of the theory entirely. See, e.g., *Hart v. Rick's Caberet Int'l Inc.*, 976 F.Supp.2d 901, 940 n. 16 (S.D.N.Y. 2013) (rejecting the use of the integrated enterprise theory in an FLSA action).

Courts that apply a single integrated enterprise theory consider the following four factors to determine the existence of an integrated enterprise: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *See, e.g., Juarez v. 449 Rest. Inc.*, 29 F.Supp.3d 363, 367 (S.D.N.Y. 2014).

However, Plaintiffs cannot state a claim under a "single integrated enterprise" theory solely by satisfying these four factors.  Importantly, courts in this District have repeatedly recognized that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, *absent control*, are not liable for the separate employees of joint ventures." *Lopez v. Acme Am. Envtl. Co.,* No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *4 (S.D.N.Y. Dec. 6, 2012); *see e.g. Wolman v. Catholic Health,* 853 F.Supp.2d 290, 298 (E.D.N.Y. 2012) (holding that allegations "which perhaps establish some general commonalities between Defendants" do not establish control such that joint employment is adequately plead).

---

[8] As with Point I, *supra*, the arguments contained herein apply equally to Plaintiffs' FLSA and NYLL claims.

Therefore, in addition to pleading facts relevant to the factors set forth in *Juarez*, Plaintiffs must also allege that each entity in the "integrated enterprise" had *control* over their employment. *Apolinar v. R.J. 49, Rest., LLC*, 15-cv-8655 (KBF), 2016 WL 2903278 (S.D.N.Y. May 18, 2016) (dismissing single integrated enterprise claim where "Plaintiffs to not allege that the moving corporate defendants had any sort of direct employer responsibility over them, such as the ability to hire or fire, or set work hours or job responsibilities."); *Lopez*, 2012 U.S.Dist. LEXIS 173290 at 4-5 ("Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves.  Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees.").

Here, should the Court avail itself of this theory, Plaintiffs' "single integrated enterprise" claim fails for two reasons: 1) Plaintiffs do not allege sufficient facts satisfying the factors set forth in *Juarez*; and 2) Plaintiffs do not allege that any of the Moving Defendants *controlled* their employment.

i.      **The Allegations in the Complaint are Insufficient to Establish the Existence of a "Single Integrated Enterprise."**

In the Complaint, Plaintiffs plead a handful of facts that give the "cosmetic" appearance of a relationship between the Moving Corporate Defendants.  However, these facts fall far short of establishing that the Moving Corporate Defendants constitute a single enterprise.

In some cases, courts have determined that plaintiffs can state a cause of action where the Complaint pleads clear facts setting forth an undisputable relationship between various corporate entities.  For example, in *Bravo v. Established Burger One LLC* five locations of the restaurant "goodburger" were properly alleged to be a single integrated enterprise because they "jointly advertised on the website www.goodburgerny.com, marketed the restaurants as one entity, used

the same menus at all the locations, moved employees and food among the restaurants, and paid the employees using the same payroll methods from a central office." *Bravo v. Established Burger One, LLC*, 12 CIV. 9044, 2013 U.S. Dist. LEXIS 146237, at *1 (S.D.N.Y. Oct. 8, 2013).

However, in other instances, Courts do not hesitate to dismiss insufficiently plead "single integrated enterprise" claims in cases similar to what is presented to the Court in this litigation. For example, in *Santana v. Fishelegs, LLC*, the plaintiffs asserted claims for unpaid wages and overtime against seven corporate defendants, five of which never employed them. *Santana v. Fishlegs, LLC* No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov 7, 2013). The *Santana* Plaintiffs alleged the seven corporate defendants were a single corporate defendant with shared ownership, operations, marketing, recruiting, employment methods, and human resources personnel. *Id.* at *12.[9] Despite these allegations, the Court dismissed the five corporate defendants that never employed the *Santana* plaintiffs finding that the single integrated enterprise doctrine was inapplicable as plaintiffs failed to plead any facts regarding the employment and compensation policies of those entities. *Id.* at *12, 21.

Here, the facts pled in Plaintiffs' Complaint fall far short of those offered in *Bravo* or even *Santana*. Initially, Plaintiffs' claim that all of the Moving Corporate Defendants are "Brick Oven Pizza" restaurants, Compl. ¶ 7, does not support the conclusion that they are an "integrated enterprise." This is because the fact that the all of the restaurants serve the same kind of cuisine does not plausibly support the conclusion that: (1) their operations were integrated; (2) their

---

[9] Specifically, the Complaint in *Santana* alleged that "[e]ach of the David Burke Restaurants is advertised and marketed jointly on Defendants' website," that "[t]he David Burke Restaurants share the same director of private events, human resources personnel and attorneys," and that "[e]mployment opportunities are jointly advertised . . . and employees are paid by the same payroll methods." *Santana* 2013 U.S. Dist. LEXIS 159530 at *12.

11

labor force was commonly controlled: or (3) they shared common ownership, management, or financial control.[10] *Juarez,* 29 F.Supp.3d at 367.

The remaining allegations in the Complaint fail to demonstrate the existence of integrated operations.   For example, Plaintiffs claim that the restaurants serve "similar menu items." However, Plaintiffs do not, and cannot allege that the menus were the same.  This allegation separates this matter from cases like *Bravo,* where the menus at each of the "goodburger" restaurants were identical. *Bravo,* 2013 U.S. Dist. LEXIS 146237, at *4.  Arguably, the fact that someone could go to any "goodburger" location and be confronted with the same menu items may tend to show that the operations of their restaurants are interrelated.   Although the Complaint alleges that the restaurants menus were "similar," the Complaint pleads no facts demonstrating the extent of the similarity between the various menus.  Indeed, one can walk into any Italian restaurant on Mulberry Street and likely find certain staple items on any menu (i.e. penne alla vodka, pizza margereta, or ravioli), but this does not lead to the conclusion that the operation of the restaurants is "integrated."  Without pleading additional facts, plaintiffs simply cannot nudge this part of their claim from "conceivability" to "plausibility."; *see, e.g. Barbosa v. Continuum Health Partners, Inc.,* 716 F. Supp. 2d 210, 219 (S.D.N.Y. 2010) (holding that a complaint "must plead enough facts so that the claim is facially plausible and gives fair notice to defendants of [their] theory of employer liability.").

Plaintiffs also claim that the Moving Corporate Defendants are "marketed jointly." As factual support for this allegation, Plaintiffs rely upon a news article, annexed to their complaint in which Defendant Cappita is described as "building an empire of seven restaurants" including the Moving Corporate Defendants. Comp. Ex 1.  As well, plaintiff's point out that Acqua and

---

[10] An analogy is illustrative here.  Almost all of the restaurants on Mulberry Street are Italian restaurants.  But the mere fact that all of the separate restaurants serve Italian food does not lead to the conclusion that they are a "single integrated enterprise."

Bettola, are both listed on Defendants' website at www.sebastianoitaliano.com. Compl. at ¶ 7. However Buchetta, the restaurant where Plaintiffs worked, and all of the remaining Moving Corporate Defendants are ***not listed*** on the website. *See* Meyer Dec., Ex. C.

The news article offered by Plaintiffs, while arguably establishing that Cappitta has an ownership interest in each of the corporate defendants, does not establish that their operations were interrelated.  The website offered by Plaintiffs does not demonstrate the existence of a "common marketing plan," or an "interrelation of operations" between the Moving Corporate Defendants because only two of the Moving Corporate Defendants are listed therein and Buchetta, the restaurant where Plaintiffs worked, is not.

In any event, Judge Forrest recently observed in *Apolinar v. R.J. 49 Rest, LLC.,* the fact that corporate defendants advertise on a common website does not establish that they "had an interrelation of operations or centralized control of labor relations with [Plaintiffs'] direct corporate employer." *Apolinar,* 2016 U.S.Dist. LEXIS 65733, at *9 (dismissing "single integrated enterprise claim" against several corporate defendants).

Ultimately, Defendants submit that an employer's decision to market with other entities on the Internet is of no moment.  This scenario bears greater similarity to *Ouedraogo v. A-1 Int'l Courier Serv. Inc,* 12-CV-5651 (AJN) (S.D.N.Y.), where this Court determined that conditional collective certification of the collective action in that case was necessarily limited to "Plaintiff's own declaration regarding his experience at the Long Island City facility" and other evidence relating to that facility. *Ouedraogo,* DKT 105, at 2.

Plaintiffs will likely contend that the allegations regarding the transfer produce and supplies between the Moving Corporate Defendants, Compl. ¶ 25, 29, as well as the fact that "employees are interchangeable" between the Moving Corporate Defendants, Compl. ¶ 7,

demonstrate an interrelation of operations. However, even if produce and supplies were transferred between the restaurants, this does not mean that the operation of the Moving Corporate Defendants' labor force, the aspect of Defendants' businesses that is plainly at issue here, was interrelated. Moreover, Plaintiffs impermissibly plead that "employees [were] interchangeable" in bald conclusory fashion, without offering a single fact in support. Therefore, the Court is not required to accord a presumption of truthfulness to this allegation. Accordingly, for these reasons, the Complaint fails to plead the existence of integrated operations between the Moving Corporate Defendants, a central prong of the *Juarez* test.

Similarly, the Complaint fails to plead any facts establishing that the Moving Corporate Defendants' labor relations were centrally controlled. In cases such as *Bravo* and *Santana*, Plaintiffs plead facts demonstrating common control of labor relations such as the existence of a centralized payroll office, centralized payroll methods, or the fact that the various corporate defendants shared recruiting, employment methods, and human resources personnel. *Bravo,* 2013 U.S. Dist. LEXIS 146237, at *1; *Santana,* 2013 U.S. Dist. LEXIS 159530, at *12. However, in *Santana*, this Court recognized that the mere existence of such facts was insufficient to give rise to "centralized control of labor relations" in the absence of some factual allegation establishing that the unlawful practices allegedly present at plaintiffs' restaurant also occurred at other restaurants in the purported "single integrated enterprise." *Id.* at *22. In *Bravo*, this pleading threshold was met by plaintiffs' claim that they had worked at various "goodburger" restaurants and observed similar unlawful pay practices at each location. *Bravo,* 2013 U.S. Dist. LEXIS 146237 at *5-6, 23.

Likewise, in *Juarez*, plaintiff's "cosmetic" allegations of integrated or joint operations were simply a backdrop for his core allegation: that he himself performed work at the three

14

Moonstruck Diners in question, and had observed the same unlawful wage practices at each diner, a *bona fide* factual allegation tending to show centralized labor policies. *Juarez*, 29 F.Supp.3d 368.

There are no such allegations here, nor could there be.  Plaintiffs plainly admit that they were hired by Buchetta and worked exclusively for Buchetta. Compl. ¶¶ 24, 28.   Likewise, Plaintiffs do not allege that the Moving Corporate Defendants utilized a centralized payroll office, shared recruiting, or even shared human resources personnel.  Although Plaintiffs contend that they had some awareness of similar violations at the other Moving Corporate Defendants' restaurants, Compl. ¶¶ 32, 33, 36, this allegation, if taken as true, demonstrates that each of the independent restaurants allegedly violated the law in the same way.[11]  Without also alleging the existence of a centralized payroll system, or human resources department, Plaintiffs simply cannot demonstrate that these independent violations resulted from common control of labor relations.

Therefore, for the aforementioned reasons, as Plaintiffs do not plead sufficient facts establishing the "single integrated enterprise" factors set forth in *Juarez*, their FLSA and NYLL claims against the Moving Corporate Defendants must be dismissed.

**ii.      Plaintiffs "Single Integrated Enterprise Claim Against the Moving Corporate Defendants Fails Because Plaintiffs do not Allege that the Moving Corporate Defendants Controlled Their Employment.**

Even if Plaintiffs could plead sufficient facts satisfying the *Juarez* factors, their "single integrated enterprise" claim fails because Plaintiffs plead no facts showing a relationship of control between the Moving Corporate Defendants and themselves.

---

[11] This is not surprising as the plaintiff's bar has created a cottage industry by filing complaint after complaint on a daily basis against New York restaurants alleging identical violations of the FLSA and NYLL, with allegations that are simply copied from one pleading and pasted into the next.

In *Lopez,* plaintiffs sought unpaid overtime wages from several corporate defendants pursuant to the FLSA and NYLL.  Plaintiffs alleged that all of the corporate defendants: (1) were under common control, (2) operated from a single facility and shared key employees, including a bookkeeper, an accountant, and a general manager, and (3) shared common clientele and worked for the common purpose of providing a full range of services to companies with commercial kitchens. *Lopez,* 2012 U.S. Dist. LEXIS 173290, at *10.  In granting a motion to dismiss the corporate entities, the Court found that "[a]lthough they allege an 'integrated enterprise,' plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants ***and themselves***." *Id.* At *11 (emphasis added). Because the *Lopez* plaintiffs did not allege any particularized facts which demonstrated that the "economic reality" of the relationship between the plaintiffs and the corporate defendants was one of control, the Court held that plaintiffs did not state an FLSA claim against the corporate defendants and dismissed the complaint as asserted against them. *Id.* at *12-14.  The Court also found that the pleadings were insufficient to *establish* that the corporate defendants exercised functional control over the plaintiffs. *Id.* For example, the *Lopez* plaintiffs did not allege that any of the corporate defendants supervised or controlled their work schedules, or facts indicating functional control under the *Zheng* test described *supra.*

Similarly, in *Apolinar,* the plaintiffs relied on allegations of common ownership and common business purpose, supported by references to defendants' websites, in support of an argument that the corporate defendants in that case operated as an integrated enterprise. *Apolinar,* 2016 U.S. Dist LEXIS at *9.  Further, much like the plaintiffs in *Lopez,* the plaintiffs in *Apolinar* did not allege that any of the corporate entities that were moving for dismissal had the ability to hire or fire them, set their work hours, and responsibilities. *Id.*  As well, in addition

to their failure to plead a relationship of *formal* control, the *Apolinar* plaintiffs failed to plead any facts giving rise to a relationship of *functional* control.   Accordingly, Judge Forrest properly dismissed two of the three corporate defendants because the *Apolinar* plaintiffs allegations did not plausibly support that those two corporate defendants were their "employers" under the FLSA and NYLL.   Judge Forrest noted that even if the two moving corporate defendants are part of an integrated enterprise or joint venture, the various corporate defendants may nevertheless employ separate people and, absent allegations of control could not be liable for the separate employees of a joint venture. *Id; see also Lopez*, 2012 U.S. Dist. LEXIS 173290 at *10 (holding that the FLSA mandates that Plaintiffs allege a relationship of control between the various moving corporate defendants and themselves).

Here, like the plaintiffs in *Lopez* and *Apolinar*, and as described in detail above, Flores and Campos' claims against the Moving Corporate Defendants warrant dismissal because they fail to plead, as they must under the FLSA, sufficient particularized facts which show a relationship of control between the Moving Corporate Defendants and themselves.

Plaintiffs do not set forth a *single* factual allegation which even suggests that the Moving Corporate Defendants exercised control over the terms and conditions of Plaintiffs' employment. *See, e.g., Cannon*, 2007 U.S. Dist LEXIS 91139, at *12.  Indeed, Plaintiffs do not claim with any particularity or plausibility that any defendant other than Buchetta and Cappitta hired or fired them, supervised and controlled their work schedules or maintained their employment records. In fact, Plaintiffs do not even bother to allege a relationship between the corporate defendants even in the most boilerplate or conclusory manner.  The Complaint offers nothing whatsoever giving rise to a relationship of *formal control.*

Likewise, Plaintiffs fail to plead sufficient, particularized facts which show any *functional* relationship between the Moving Corporate Defendants and themselves. *See Lopez,* 2012 U.S. Dist. LEXIS 173290, at *12 (complaint allegations alleging defendants shared a common bookkeeper, accountant, and general manager, absent more, were insufficient to state a cause of action under the FLSA against other entities that did not employ plaintiffs); *Santana,* 2013 U.S. Dist. LEXIS 159530, at *23 (complaint alleging corporate defendants shared ownership, marketing, recruiting, employment methods and human resources, without more, were insufficient to state a cause of action under the FLSA against other entities that did not employ plaintiffs); *Alopinar,* 2016 U.S. Dist. LEXIS 65733, at *9 (complaint alleging common marketing, common ownership of corporate defendants, and identical menus, without more, were insufficient to state a cause of action under the FLSA against other entities that did not employ plaintiffs).

Put simply, the Complaint lacks the necessary factual allegations that plausibly link the Moving Corporate Defendants to Plaintiffs.   Therefore, as Plaintiffs cannot establish a relationship of *control* between the Moving Corporate Defendants and themselves, their FLSA and NYLL claims against the Moving Corporate Defendants must be dismissed.

As the Court may recall, Plaintiffs have been put on notice of their failure to adequately allege the existence of a "single integrated enterprise" and they were afforded a chance to amend their complaint to address its defects.   Plaintiffs' continued failure to state a claim plainly establishes that Plaintiffs cannot allege adequate facts because adequate facts do not exist. Accordingly, for the aforementioned reasons, dismissal with prejudice is warranted.

## POINT III

## DISMISSAL OF PLAINTIFFS' "SINGLE INTEGRATED ENTERPRISE" CLAIMS AGAINST THE MOVING CORPORATE DEFENDANTS MANDATES DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST THE MOVING INDIVIDUAL DEFENDANTS

As noted earlier, Plaintiffs claim that Buchetta was their direct employer and that Buchetta was part of an integrated enterprise with the Moving Corporate Defendants.

Plaintiffs allege that the Moving Individual Defendants were "senior executive officers" at Arco, but not at Buchetta.  Plaintiffs allege that Daniele was a "manager" at Buchetta, but plead no facts establishing that she had the ability to: (1) hire and fire; (2) set work schedules; and (3) determine rates of pay during the period of time she worked as Buchetta's manager.

As noted earlier, the Complaint does not allege that the authority the Moving Individual Defendants had over Arco's employees explicitly extended to employees  of the other Moving Corporate Defendants.  Accordingly, inasmuch as Plaintiffs allege that the Moving Individual Defendants had the ability to control Plaintiffs' terms of employment, they evidently rely on an "integrated enterprise" theory to first assert those abilities were held by Arco, and, by virtue of same, its "senior executive officers," the Moving Individual Defendants.

It stands to reason that, as the claims against the Moving Corporate Defendants based upon Plaintiffs' "single integrated enterprise" theory must be dismissed for their deficiencies, Plaintiffs' claims against the Moving Individual Defendants should also be dismissed. It is not plausible that, if Arco did not have any employment relationship with Plaintiffs, alleged senior executive officers of that company, without a further or different connection to Plaintiffs, can be deemed to have had an employment relationship with Plaintiffs.

## <u>CONCLUSION</u>

The Moving Defendants respectfully request that the Court grant their motion and award

the Moving Defendants such other and further relief as the Court deems just and proper.

Dated:        Woodbury, New York
              September 12, 2016

                          Respectfully submitted,

                          KAUFMAN DOLOWICH & VOLUCK, LLP

                          By: _____
                              Jeffery A. Meyer, Esq.
                              Aaron N. Solomon, Esq.
                          *Attorneys for Defendants*
                          135 Crossways Park Drive, Suite 201
                          Woodbury, New York 11797
                          (516) 681-1100

4849-2351-5448, v. 1