UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOMEDES FLORES, a/k/a "Pablo,"
CRISOFORO CAMPOS, and
TELESFORO REYES GALVEZ
on behalf of themselves, FLSA Collective Plaintiffs
and the Class,

Plaintiffs,

- against -

201 WEST 103 CORP. d/b/a BUCHETTA,
412 AMSTERDAM CORP. d/b/a BETTOLA,
IANO CORP. d/b/a ACQUA,
886 AMSTERDAM AVENUE CORP.
    d/b/a ARCO CAFÉ;
994 COLUMBUS AVENUE CORP.
    d/b/a ISOLA,
3143 BROADWAY CORP. d/b/a BETTOLONA,
1600 AMSTERDAM AVENUE CORP.
    d/b/a COCCOLA,
SEBASTIANO CAPPITTA, and
DANIELE FIORI,

Defendants.

16-CV-02233 (KPF)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

**NIXON PEABODY LLP**
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500

*Attorneys for Defendants*

Of Counsel:
 Jeffery A. Meyer
 David A. Tauster

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………....…ii

PRELIMINARY STATEMENT……………………………………………………....……...1

ARGUMENT……………………………………………………………………...……4

POINT I:

      PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN
      FOR CONDITIONAL CERTIFICATION OF AN FLSA
      COLLECTIVE ACTION……………………………………………………….……4

POINT II:

      IF THE COURT GRANTS THE MOTION FOR CONDITIONAL
      CERTIFICATION IT SHOULD REJECT PLAINTIFFS'
      PROPOSED NOTICE………………………...……………………………...……...16

POINT III:

      THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR
      EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS…………….….……21

CONCLUSION……………………………………………………………………..23

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arciello v. Cty. of Nassau*,
No. 16-cv-3974 (ADS)(SIL), 2017 U.S. Dist. LEXIS 179182 (E.D.N.Y. Oct. 30, 2017) .................................................................................................................17, 18

*Balverde v. Lunella Ristorante, Inc.*,
2016 U.S. Dist. LEXIS 62397 (S.D.N.Y. May 11, 2016)......................................................8

*Benavides v. Serenity Spa NY Inc.*,
166 F. Supp. 3d 474 (S.D.N.Y. 2016)..................................................................................20

*Contrera v. Langer*,
2017 U.S. Dist. LEXIS 165536 (S.D.N.Y. Oct. 5, 2017) ...........................................17, 21, 22

*Fernandez v. Sharp Mgmt. Corp.*,
2016 U.S. Dist. LEXIS 141916 (S.D.N.Y. Oct. 13, 2016) .................................................4, 12

*Garcia v. Spectrum of Creations, Inc.*,
102 F. Supp. 3d 541 (S.D.N.Y. 2015)............................................................................17, 18, 19

*Guaman v. 5 "M" Corp.*,
2013 U.S. Dist. LEXIS 152379 (S.D.N.Y. Oct. 22, 2013) .......................................................6

*Guan v. Long Island Bus. Inst., Inc.*,
No. 15-CV-2215 (CBA) (VMS), 2016 U.S. Dist. LEXIS 106741 (E.D.N.Y. Aug. 11, 2016) ..........................................................................................................12, 20

*Hamadou v. Hess Corp.*,
915 F. Supp. 2d 651 (S.D.N.Y. 2013).........................................................................17,18,19

*Jeong Woo Kim v. 511 E. 5th St., LLC*,
985 F. Supp. 2d 439 (S.D.N.Y. 2013)..................................................................................8

*Kew Sing Yap v. Mooncake Foods, Inc.*,
146 F. Supp. 3d 552 (S.D.N.Y. 2015)...............................................................................7, 8

*Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, at *8 (S.D.N.Y. Mar. 11, 2015) ...........................................................13

*Mata v. Foodbridge LLC*,
2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015)....................................................8, 9

*Mendoza v. Ashiya Sushi 5, Inc.*,
 2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. Sep. 16, 2013).....................................................21

*Mendoza v. Little Luke, Inc.*,
 No. CV 14-3416 (JS)(AYS), 2015 U.S. Dist. LEXIS 138280 (E.D.N.Y. Oct.
 9, 2015) ......................................................................................................................7, 19

*Monger v. Cactus Salon & Spa's LLC*,
 No. 08-CV-1817 (FB)(WDW), 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July
 6, 2009) ................................................................................................................................8

*Pace v. DiGuglielmo*,
 544 U.S. 408, 125 S. Ct. 1807 (2005)...................................................................................21

*Qing Gu v. T.C. Chikurin, Inc.*,
 No. CV 2013-2322 (SJ)(MDG), 2014 U.S. Dist. LEXIS 53813 (E.D.N.Y. Apr.
 17, 2014) ..............................................................................................................................4

*Rojas v. Kalesmeno Corp.*,
 2017 U.S. Dist. LEXIS 112491 (S.D.N.Y. July 19, 2017) ........................................... *passim*

*Sanchez v. JMP Ventures, L.L.C.*,
 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014)........................................9,10, 11, 12

*Santiago v. Tequila Gastropub LLC*,
 No. 16-CV-7499 (JMF), 2017 U.S. Dist. LEXIS 52058 (S.D.N.Y. Apr. 5,
 2017) ........................................................................................................................ *passim*

*She Jian Guo v. Tommy's Sushi Inc.*,
 2014 U.S. Dist. LEXIS 147981 (S.D.N.Y. Oct. 16, 2014) ...........................................9, 20, 22

*Tanski v. Avalonbay Cmtys., Inc.*,
 No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506 (E.D.N.Y. Mar. 31,
 2017) ..................................................................................................................................13

*Tiro v. Pub. House Invs.*,
 LLC, 288 F.R.D. 272 (S.D.N.Y. 2012)....................................................................................5

*Trinidad v. Pret A Manger (USA) Ltd.*,
 962 F. Supp. 2d 545 (S.D.N.Y. 2013)...................................................................................15

*Urresta v. MBJ Cafeteria Corp.*,
 2011 U.S. Dist. LEXIS 120126 (S.D.N.Y. Oct. 17, 2011) ................................................11, 12

**Statutes**

Fair Labor Standards Act ....................................................................................... *passim*

New York Labor Law ...........................................................................................................9, 17, 18

**Other Authorities**

FRCP 23..........................................................................................................................................18

## PRELIMINARY STATEMENT

Defendants 201 West 103 Corp. d/b/a Buchetta ("Buchetta"), 412 Amsterdam Corp. d/b/a Bettola ("Bettola"), Iano Corp. d/b/a Acqua ("Acqua"), 886 Amsterdam Avenue Corp. d/b/a Arco Café ("Arco"), 994 Columbus Avenue Corp. d/b/a Isola ("Isola"), 3143 Broadway Corp. d/b/a Bettolona ("Bettolona"), Sebastiano Cappitta and Daniele Fiori (collectively "Defendants") submit the within Memorandum of Law in opposition to the motion by Plaintiffs Nicomedes Flores and Telesforo Reyes Galvez[1] ("Plaintiffs") for conditional certification of a collective action consisting of all non-exempt employees at Defendants' discrete restaurants.

Plaintiffs attempt to rely upon the admittedly low burden for conditional certification in order to expand the practice significantly beyond its reasonable scope. Plaintiffs only allege that they personally worked at some, but not all, of the Defendants. Similarly, Plaintiffs only allege that they worked in two job titles during the applicable Fair Labor Standards Act ("FLSA") statute of limitations period; Plaintiff Flores as a delivery person at Buchetta, and Plaintiff Galvez as a pizza maker at Isola. Plaintiffs also rely upon a declaration submitted by former-Plaintiff Crisoforo Campos, who was recently dismissed from the instant litigation without prejudice following his disappearance and failure to respond to Defendants' discovery demands. Yet even then, Campos only worked at the same restaurant as Plaintiff Flores, Buchetta, and only in one title during the statute of limitations period, as a "food preparer."

Despite the fact that they only worked in a few titles for two (2) restaurants during the relevant period, Plaintiffs now seek conditional certification of a collective action consisting of *all* non-exempt employees at *all* of the Defendants. Plaintiffs base their claim for such relief

---

[1]   As described in the pre-motion letter submitted today by Defendants, *see* D.E. 80, Plaintiff Galvez must be dismissed from this litigation because he entered into an arbitration agreement which covers all of his claims in connection with his employment at Isola, including claims against its owners and any affiliated entities.

upon a "single integrated enterprise" theory of liability. Of course, the question of "liability" is immaterial at this stage; the only relevant inquiry is whether Plaintiffs can make the required showing of a factual nexus between their experience and that of the other employees. Moreover, Plaintiffs have not presented sufficient evidence of a single integrated employer relationship in the first instance.

Yet even if this Court is inclined to consider, and accept, Plaintiffs' arguments regarding a single integrated enterprise, this would still not eliminate the need for them to make the requisite showing regarding *each* group of employees at *each* restaurant. In support of their motion, Plaintiffs submit three (3) declarations; the Declaration of Nicomedes Flores (the "Flores Declaration"); the Declaration of Telesforo Reyes Galvez (the "Galvez Declaration"); and the Declaration of Crisoforo Campos (the "Campos Declaration"). While these declarations may contain sufficient substance regarding each of the Declarants' employment to warrant certification of a limited collective action, they certainly do not contain sufficient factual information to warrant certification of the large collective which they seek. Rather, with respect to the other restaurants and job titles, the Declarants provide nothing more than conclusory allegations based upon purported conversations and observations without any true detail. Even where courts have allowed for conditional certification, they have rejected the type of overbroad certification based upon the minimal proffer offered by Plaintiffs in support of their motion.

Accordingly, to the extent that the Court elects to conditionally certify a collective action, it must closely examine the declarations to recognize just how limited such a collective should be. For instance, Plaintiffs' allegations regarding Acro and Bettolona consist of no first-hand experience, but rather are solely based upon their claims to have spoken with two (2) employees at Arco and one (1) employee at Bettolona. Plaintiffs' claims regarding the other restaurants are

hardly more substantial, and are certainly insufficient to justify conditional certification of a collective consisting of all non-exempt employees at all of the Defendants.

Moreover, if the Court elects to certify a collective action, of whatever scope, it must reject the proposed Notice submitted by Plaintiffs as Exhibit A to their memorandum of law. For one, the Notice provides for a six (6) year window for claims, notwithstanding the maximum three (3) year statute of limitations under the FLSA. Thus, if accepted, Plaintiffs' Notice will only lead to confusion among potential Plaintiffs who may not have claims under the FLSA and to motion practice once these potential Plaintiffs attempt to join the litigation. There are other issues with the proposed Notice, such as its minimization of the opt-in Plaintiffs' potential responsibilities, its failure to adequately describe the fee arrangement with Plaintiffs' counsel, and the failure to provide contact information for Defendants' counsel. Thus, rather than accepting the proposed Notice, the Court should instead direct the parties to meet and confer regarding same.

Finally, if a collective is conditionally certified, the Court should not impose equitable tolling on a collective-wide basis. Equitable tolling is an extraordinary remedy, only warranted in rare factual circumstances which are simply not present here. There is simply no basis for collective-wide equitable tolling based upon Plaintiffs' submissions.

Accordingly, for the reasons set forth herein, Plaintiffs' motion should be denied.

**ARGUMENT**

**POINT I**

**PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN FOR**
**CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION**

"Although plaintiffs' burden [on a motion for conditional certification] is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Qing Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322 (SJ)(MDG), 2014 U.S. Dist. LEXIS 53813, at *9 (E.D.N.Y. Apr. 17, 2014) (internal citations omitted). This is a particularly acute concern where, as here, Plaintiffs seek to certify a collective consisting of employees in different job titles (or, for that matter, at different locations). "Accordingly, while courts in this Circuit have routinely granted conditional collective certification on thin records, including those 'based solely on the personal observations of one plaintiff's affidavit,' they have also required some 'concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions." *Fernandez v. Sharp Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 141916, at *7 (S.D.N.Y. Oct. 13, 2016).

Here, Plaintiffs seek to certify a collective of employees at six (6) restaurants. However, Plaintiff Flores only alleges that he was employed by one of these restaurants, Buchetta. Similarly, while Plaintiff Galvez alleges that he was employed at three (3) of the restaurants, he only alleges that he was employed at one of these restaurants, Isola, for the duration of the FLSA statute of limitations period. Moreover, the declarations submitted in support of the motion only allege that the three (3) declarants only worked in four (4) titles at only two (2) restaurants during the relevant period: Flores as a delivery person at Buchetta; Campos as a dishwasher and "food preparer" at Buchetta; and Galvez as a pizza maker at Isola.

4

Rather than being able to rely upon direct employment by each Defendant, Plaintiffs instead attempt to establish the propriety of collective certification by alleging that Defendants constitute a "single integrated enterprise." Plaintiffs attempt to establish this status by relying upon several factors, such as Defendants' purported common ownership, management, and advertising, as well as the interchangeability of employees between restaurants. Yet such status is not dispositive to the question of conditional certification, since Plaintiffs must still make the requisite factual showing for each group of employees at each restaurant. In this regard, Plaintiffs' submissions fail to satisfy even the relatively lenient standards required for conditional certification of such a broad collective due to the lack of factual information regarding other job titles and restaurants. Accordingly, the motion should be denied.

As a threshold matter, Plaintiffs' emphasis on the question of whether Defendants constitute a "single integrated employer" is premature at this stage. "The question at this juncture is not whether the restaurants were part of the same enterprise, but rather whether there was a 'uniform policy or practice.'" *Rojas v. Kalesmeno Corp.*, 2017 U.S. Dist. LEXIS 112491, at *11 (S.D.N.Y. July 19, 2017) (internal quotation omitted). This is because the question of "[w]hether or not Defendants operated as a single enterprise is a complicated and fact-specific inquiry that is not properly determined at the [] certification stage." *Tiro v. Pub. House Invs.*, LLC, 288 F.R.D. 272, 279 (S.D.N.Y. 2012). While the existence of a single integrated enterprise may contribute to a finding that a group of employees were subject to a "uniform policy or practice," the mere existence of a single integrated enterprise does not eliminate Plaintiffs' threshold burden, and certainly would not entitle Plaintiffs to extrapolate allegations of unlawful employment practices against one discreet group of employees to all others at the Defendant restaurants.

In this regard, the evidence submitted by Plaintiffs, including the factors purportedly establishing a single integrated employer, are insufficient to justify certifying the broad collective they seek at this stage. Plaintiffs cannot justify a collective action encompassing all of the Defendants based solely on Mr. Cappita's common ownership of same, because "evidence of common ownership is not evidence that the same unlawful employment policy was in place at each of the [] restaurants." *Rojas*, 2017 U.S. Dist. LEXIS 112491 at *12 – 13 (quoting *Guaman v. 5 "M" Corp.*, 2013 U.S. Dist. LEXIS 152379, at *10 (S.D.N.Y. Oct. 22, 2013)). Similarly, Plaintiffs' reliance upon information regarding Defendants' liquor licenses, websites, or even an article from the Village Voice regarding Mr. Cappita's restaurants, is misplaced, since none of these submissions address the Defendants employment policies or procedures. *See e.g. Guaman*, 2013 U.S. Dist. LEXIS 152379 at *9 – 10 (disregarding common website and YouTube channel, New York Post article, and licensing information because such evidence does not corroborate that "violations of the FLSA occurred at the Other Restaurants and fails to detail the practice or practices that allegedly resulted in violations.").

Plaintiffs' reliance upon their claims that "[e]mployees, food ingredients and other restaurant supplies were interchangeable among the Restaurants" and that "Defendants had a policy of transferring non-exempt employees among the Restaurants" also do not help them to establish the existence of a uniform policy or practice. "Brief and incidental interactions with other locations do[es] not mean the plaintiffs have shown that these employees are similarly situated." *Rojas*, 2017 U.S. Dist. LEXIS 112491 at *12 (*citing Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 126 (S.D.N.Y. 2011) (certifying collective only for one restaurant where plaintiffs' involvement with the other restaurant was "brief and incidental")). Indeed, in *Rojas,* Judge Francis specifically rejected certification of a collective comprising multiple restaurants where

Plaintiffs alleged, as here, that "they were 'regularly required to transfer ingredients and supplies among the restaurants'" and that they "sometimes were required to substitute for absent employees [at the other locations]." *Id.* at *12 – 13. As Judge Francis reasoned, "[t]he plaintiffs' burden may be low at this stage of litigation, but 'it is not non-existent,'" and Plaintiffs cannot simply obtain certification of a broad collective because their "declarations provide no additional information tending to demonstrate a common policy across the locations." *Id.* at *13 (internal quotation omitted).

Thus, Plaintiffs cannot satisfy their burden to establish the existence of an unlawful policy or practice with respect to each group of employees which they seek to certify based solely upon single integrated enterprise status. *See e.g. Mendoza v. Little Luke, Inc.,* No. CV 14-3416 (JS)(AYS), 2015 U.S. Dist. LEXIS 138280, at *21 (E.D.N.Y. Oct. 9, 2015) (with respect to motion for certification of a collective consisting of multiple job titles, "the Plaintiffs must come forward with a factual showing that the members sought to be included within the proposed collective were all victims of a common unlawful policy."). Indeed, even cases which have wrongly determined the single integrated employer analysis at this stage have denied certification of a collective for discreet groups of employees across that integrated employer. In *Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552 (S.D.N.Y. 2015), the case which Plaintiffs use as the basis for the single integrated employer test, the court declined to certify a collective consisting of employees aside from delivery persons and chefs across what it determined to be a single integrated restaurant employer. The Court specifically rejected Plaintiffs' argument that the Court may infer the existence of an unlawful policy or practice for all titles based upon the fact that Defendants failed to properly compensate specific groups of employees. As the Court noted, "Plaintiffs do not cite a single case permitting such an inference

absent a modest but *job-specific* factual showing, which is what courts in this district usually require." *Id.* at 565 (emphasis added); *see also Balverde v. Lunella Ristorante, Inc.*, 2016 U.S. Dist. LEXIS 62397, at *12 (S.D.N.Y. May 11, 2016) (limiting certification to certain job titles because "Plaintiffs' complaint and affidavits do not contain factual allegations specific to other types of employees besides servers, bartenders, and runners, such as 'the specific hours worked by, or the amounts paid to, other employees.'") (*quoting She Jian Guo v. Tommy's Sushi Inc.*, 2014 U.S. Dist. LEXIS 147981, at *9 (S.D.N.Y. Oct. 16, 2014)).

The importance of making the "job-specific factual showing" for *each* group of employees at *each* restaurant cannot be understated. Courts routinely deny the types of large collectives sought by Plaintiffs in this action based upon the failure to make a job or location specific showing. *See e.g. Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 451 (S.D.N.Y. 2013) (declining to certify collective for all non-exempt employees where the plaintiff kitchen employee "has not demonstrated a sufficient factual nexus between himself and the non-kitchen staff"); *Monger v. Cactus Salon & Spa's LLC*, No. 08-CV-1817 (FB)(WDW), 2009 U.S. Dist. LEXIS 60066, at *5 (E.D.N.Y. July 6, 2009) (rejecting collective comprised of all salon employees at multiple salon locations because Plaintiffs failed to demonstrate that they were similarly situated).

For instance, in *Mata v. Foodbridge LLC*, 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015), the plaintiff sought to certify a collective consisting of all non-exempt employees of two food-service establishments which "allegedly function as a single integrated enterprise." *Id.* at *2. In support of his motion, the plaintiff submitted a declaration listing "the names and titles of seventeen coworkers…who he ostensibly observed doing work the same or similar to his own." *Id.* at *9. However, as with the declarations herein, the plaintiff's submission "include[d]

no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions." *Id.* Additionally, as the Court noted, while "Plaintiff relie[d] exclusively on observations and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he 'does not…provide *any* detail as to a *single*…observation or conversation' informing his decision to bring a collective action." *Id.* at *10 (quoting *Sanchez,* 2014 U.S. Dist. LEXIS 14980 at *5). Rather, the declaration "merely summarize[d] the FLSA and NYLL violations that he allegedly suffered in the course of his own employment by Defendants and claims that other non-managerial employees at the Restaurants were subject to similar wage and hour practices." *Id.* at *11. Thus, the Court concluded that conditional certification of *any* collective was not warranted.

Similarly, in *Guo*, *supra*, the Court certified a collective of delivery workers, the same title as the named plaintiff. However, the Court specifically declined to certify a collective consisting of all other non-exempt employees. While the plaintiff attempted to obtain certification based upon his discussions with other co-workers regarding wages and his personal awareness of other employees, the Court held that "[t]hese vague, conclusory, and unsupported assertions do not suffice," and that "[w]ithout more detailed factual allegations, the Court has no basis for concluding that all Oriental Café employees were similarly situated victims of an illegal policy or plan." *Guo*, 2014 U.S. Dist. LEXIS 147981 at *9. There is simply no way that Plaintiffs can escape their obligation to make a fact specific showing for each group of employees, and their failure to do so is fatal to the instant motion.

Notably, multiple courts in this District have rejected attempts for broad certification of collective actions comprising multiple titles and locations based upon similar types of flimsy evidence as offered by Plaintiffs herein. In *Santiago v. Tequila Gastropub LLC*, No. 16-CV-7499

9

(JMF), 2017 U.S. Dist. LEXIS 52058 (S.D.N.Y. Apr. 5, 2017), Judge Furman was confronted with largely the same evidence as is presented to the Court herein, and denied certification of a broad collective action at multiple restaurants. The plaintiff in *Santiago* alleged in his declarations that Defendants "'control and operate' the three restaurants and that '[e]mployees at Defendants' Restaurants were interchangeable and shifted as needed," just as was alleged in the declarations in this matter. *Id.* at *3. Similarly, the *Santiago* plaintiff's declaration alleged that "[b]ased on [his] personal observations and conversations with other employees, all other non-managerial employees…were subject to the same wage and hour policies," again like the declarations in this matter. *Id.* Indeed, the *Santiago* plaintiff's declaration even included a similar list of employees, "who are identified only by first name," but with "no information concerning the timing, duration, terms or conditions of [their] work" at the Defendants. *Id.*

Thus, faced with effectively the same evidence as the Plaintiffs present in this matter, Judge Furman concluded that "Plaintiff's allegations are too general and conclusory to support a finding that the employees of [the other restaurants] are similarly situated to the employees at [the restaurant where Plaintiff was employed]." *Id.* at *3 – 4. As Judge Furman correctly noted, "where, as here, a plaintiff did not work in a particular location, more is needed than conclusory assertions of a uniform policy or practice." *Id.* at *4.

In *Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014), the plaintiff, a delivery worker, sought certification of a collective action at three Italian restaurants. In his declaration, the plaintiff alleged that he worked as a delivery person at two (2) of the three (3) restaurants at issue, and that he was sent to the third restaurant on occasion to "pick up supplies and inventory." *Id.* at *4. The plaintiff also alleged that he "'witness[ed] that the employees were interchangeable among the three restaurants." *Id.* at *4 – 5. Finally, he

claimed that the purportedly unlawful wage and hour policies were "common practice" at all three restaurants "based on 'observations' and 'conversations' with other employees (whose first names he lists)." *Id.* at *5.

Judge Forrest rejected the motion in its entirety, declining event to certify a collective for the restaurants where Plaintiff claims to have worked. As Judge Forrest noted, the *Sanchez* plaintiff failed to provide "any detail as to a single such observation or conversation," and that "[a]s a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." *Id.* at *5. (emphasis in original). Thus, Judge Forrest correctly determined that the plaintiff's claims "are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify" an FLSA collective. *Id.* at *5 – 6. As Judge Forrest so eloquently stated, "[t]hough plaintiff correctly notes that the bar for conditional certification of a collective action under the FLSA is low, it is not this low." *Id.* at *3.

Similarly, in *Urresta v. MBJ Cafeteria Corp.*, 2011 U.S. Dist. LEXIS 120126 (S.D.N.Y. Oct. 17, 2011), the plaintiffs were a group of food service workers employed by a contractor at LaGuardia Community College. However, the plaintiffs sought conditional certification of food service workers not only at LaGuardia, but also at three (3) other colleges serviced by the same contractor "under the theory that the separate corporations operating the cafeterias at these colleges comprise a joint employer." *Id.* at *6. In support of their theory, plaintiffs alleged in their declarations that "the Defendant corporate entities…advertise publicly that they are a single entity" and because "their officers, the individual Defendants herein, represent themselves as associated with the different corporate entities interchangeably." *Id.* at *13. Moreover, in their

11

declarations, plaintiffs noted that "they know of other individuals at other of Defendants' locations…who were not paid overtime." *Id.* at *9. Despite this proffered evidence, the court held that "Plaintiffs, even under the relatively lenient evidentiary standard, have not made the modest factual showing that they and the potential opt-in plaintiffs at these other colleges were victims of a common policy or plan." *Id.* at *15.

It is apparent that Plaintiffs are attempting to utilize the exact type of evidence which is routinely rejected when plaintiffs seek to certify an overbroad collective. For one, aside from one (1) individual listed in the Galvez Declaration, Plaintiffs fail to provide the last names for any of their purported co-workers. Indeed, one of the named individuals in the Campos Declaration is referred to simply by his nickname, "El Bori." Plaintiffs also fail to provide any actual detail regarding their alleged "observations and conversations with other employees." While the Declarations vaguely allege discussions with and observations of other employees, including those "named" therein, they fail to substantiate when these discussions occurred, or even which employees they observed and which they conversed with. This lack of detail warrants denial of the motion. *See e.g. Fernandez*, 2016 U.S. Dist. LEXIS 141916 at *10 (Plaintiffs' failure to provide substantiating details regarding their observations and conversations with coworkers in other titles means that their "affidavits do not have the specificity and detail that our caselaw requires to extend conditional certification beyond their own job title.").

Ultimately, Plaintiffs are attempting to certify a collective of *all* non-exempt employees across six (6) distinct Defendants based upon exactly the type of "evidence" which was rejected by the courts in *Santiago, Sanchez, Urrestra*, and other cases which denied certification. *See also Guan v. Long Island Bus. Inst., Inc.*, No. 15-CV-2215 (CBA) (VMS), 2016 U.S. Dist. LEXIS 106741, at *14 (E.D.N.Y. Aug. 11, 2016) (declining to certify collective across multiple

locations because "Plaintiffs have provided no probative information regarding even one similarly situated employee who did not work at the Flushing campus, such as 'their names, their duties and their hours worked.'") (*quoting Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, at *8 (S.D.N.Y. Mar. 11, 2015) (declining to certify collective because "[t]o meet their burden, Plaintiffs were obligated to provide 'some probative information regarding similarly situated employees such as their names, their duties and their hours worked'")) (*quoting Gu*, 2014 U.S. Dist. LEXIS 53813 at *10 (denying motion for conditional certification because "Plaintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation" and thus "have not provided a factual basis for the court to consider whether the employees plaintiffs refer to are similarly situated to them)); *Tanski v. Avalonbay Cmtys., Inc.*, No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506, at *37 (E.D.N.Y. Mar. 31, 2017) (denying certification of overbroad collective based upon affidavits claiming discussions with other employees because "[a]lthough Plaintiffs identify the context of these conversations, they do not identify the names of the individuals with whom they spoke, their specific positions, or the dates of the conversations."). There is simply no basis for the court to certify the type of extensive collective sought by Plaintiffs based upon the evidence submitted, and as such the motion for conditional certification must be denied.

Finally, to the extent that the Court is inclined to consider a collective involving multiple Defendants, such a collective cannot and should not encompass Arco or Bettolona, and also should not include Acqua or Bettola. None of the Declarants allege that they ever actually worked at Arco, aside from the cursory limited allegation of interchangeability. Indeed, Plaintiff Galvez does not even allege that he ever spoke with a single Arco employee. Moreover, unlike

some of the other restaurants, the Declarants do not allege that they have even had much interaction with the Arco employees. The Campos Declaration only mentions one (1) Arco employee, a cook named Alfredo. Similarly, the Flores Declaration only alleges that he spoke with one (1) Arco employee, a "Food preparer/Delivery person" named Moises. Plaintiffs provide no substance regarding these interactions, such as when they may have occurred (e.g. during or prior to the FLSA limitations period) or where they may have occurred (e.g. if the named individuals were working at Buchetta at the time). Thus, despite having never actually worked at Arco themselves, and despite having effectively no interactions with employees at Arco, Plaintiffs now ask the Court to conditionally certify a collective consisting of *all* non-exempt Arco employees in all job categories.

Somehow, Plaintiffs manage to provide even less substance regarding their allegations against Bettolona. As with Arco, none of the Declarants allege that they ever worked at Bettolona. Yet more importantly, neither of the Plaintiffs allege that they had any interaction with the Bettolona employees. Rather, the sole Bettolona employee listed in any of the affidavits is a cook named Jesus, referenced in the Campos Declaration. Thus, based upon the allegation of one (1) Declarant, who has been dismissed from this litigation, providing only the first name of one (1) individual in one (1) job title, without a scintilla of other information, Plaintiffs seek to certify a collective consisting of *every single non-exempt employee at Bettolona*. This is an absurd attempt to extend even the liberal certification standards of the FLSA, and must be rejected by the Court.

The Declarations admittedly include somewhat more information regarding Acqua and Bettola. Additionally, Defendants acknowledge that Galvez's declaration alleges that he worked at both restaurants. However, Galvez's allegations regarding Acqua and Bettola occurred before

14

the FLSA statute of limitations, and there is no reason to believe that his discussions with other employees at those restaurants occurred after he was purportedly transferred. Indeed, the sole other restaurant where Galvez specifically claims to have worked after his transfer to Isola was Buchetta. Similarly, while Flores baldly claims that he worked at Acqua on "at least one occasion," this is clearly the type of incidental contact which is insufficient for collective certification.

In *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D.N.Y. 2013), the plaintiffs sought conditional certification of a collective action for employees at all Pret A Manger locations in New York City. However, the Court limited the collective to only some of the locations where the plaintiffs claimed to have worked, rather than certifying the city-wide collective. *Id.* at 560. As the Court noted, "[a]lthough all Pret stores in New York City are owned by the same parent company, plaintiffs have not demonstrated across all locations a uniform policy of failure to pay overtime compensation." *Id.* at 558. The Court then analyzed the plaintiffs' testimony to ascertain the extent of their knowledge and ability to demonstrate that they were similarly situated to those at other stores. In the process, the Court even went so far as to deny certification for certain restaurants where the plaintiffs only alleged to have briefly worked. *Id.* at 557 – 561. Notably, this included denying certification for locations where plaintiffs alleged, for instance, that they "would just go there to pick up food items" or where they only alleged to have worked briefly, *id.* at 559, allegations which mirror those set forth in the Declarations in this matter for several restaurants.

At a minimum, the holding of *Trinidad* must be extended to Arco, Bettolona, Bettola, and Acqua. Defendants also submit that this principle must apply to all categories of employees of Defendants aside from those in which Plaintiffs were directly employed during the FLSA statute

of limitations. The Declarations may contain detailed (albeit false) summaries of their subjects' own employment by specific Defendants in specific job titles, but they certainly fail to include the necessary factual detail regarding the other classes of employees and the other Defendants. Plaintiffs cannot predicate a broad collective action on their non-specific claims of interactions with other employees, nor upon their alleged limited interactions with the other restaurants. Accordingly, the motion must be denied.

## POINT II

### IF THE COURT GRANTS THE MOTION FOR CONDITIONAL CERTIFICATION IT SHOULD REJECT PLAINTIFFS' PROPOSED NOTICE

For the reasons set forth above, conditional certification is simply not appropriate at this juncture. At a minimum, Plaintiffs are not entitled to certification of the broad grouping of employees they requested, and certification should instead only be granted for those restaurants and job titles in which the Plaintiffs worked during the FLSA limitations period. Yet if the Court is ultimately inclined to grant certification, then it cannot utilize the Notice proposed by Plaintiffs, as same is overbroad and deficient in several respects. Accordingly, if certification is granted, the Court should reject Plaintiffs' proposed Notice, and instead direct the parties to meet and confer regarding the Notice to be issued.

1.   Plaintiffs' Proposed Notice Period is Inappropriate

As a threshold matter, Plaintiffs' request that the Notice be sent to the certified collective dating back to March 25, 2010 is inappropriate. The sole purpose of the instant motion is to address the litigation of Plaintiffs' FLSA claims, which are subject to a maximum three (3) year statute of limitations for "willful" violations. Accordingly, rather than requiring that the Notice be distributed to employees dating back to March 25, 2010, the Court should instead only

authorize notice to members of the collective who were employed in the three (3) years prior to certification.

Plaintiffs make no effort to discuss the basis for their request that the Notice be sent to employees dating back to March 25, 2010. Presumably, this request is to encompass the six-year statute of limitations for their New York Labor Law ("NYLL") claims. However, the collective certification process has no bearing or relationship to NYLL claims, and as such the NYLL statute of limitations should not influence the notice process.

While there is some case law allowing for a six-year notice period, "the more recent trend, however, is to 'approve three-year notice periods.'" *Arciello v. Cty. of Nassau*, No. 16-cv-3974 (ADS)(SIL), 2017 U.S. Dist. LEXIS 179182, at *18 (E.D.N.Y. Oct. 30, 2017) (collecting cases). This is particularly appropriate where, as here, "no [NYLL] class action has been certified," because "'[i]t would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims.'" *Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015) (*quoting Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013)); *see also Contrera v. Langer*, 2017 U.S. Dist. LEXIS 165536, at *41 (S.D.N.Y. Oct. 5, 2017) (applying three-year notice period because "there is the potential for 'confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations' as well as 'inefficiency' in 'providing notice to plaintiffs whose claims may well be time-barred.'") (*quoting Trinidad,* 962 F. Supp. 2d at 564). As the court noted in *Rojas, supra*, "[t]he three-year period more effectively serves the goal of efficiency in this case and will avoid confusing individuals whose claims arise only under the NYLL, that is, those whose employment ended more than three but less than six years before the complaint was filed." *Rojas*, 2017 U.S. Dist. LEXIS 112491 at *16.

Plaintiffs' proposed Notice does nothing to alleviate any concerns about confusing potentially claim barred individuals. The Notice makes no reference to the NYLL, or to the more limited statute of limitations under the FLSA. Thus, individuals who receive the Notice have no way of knowing that they may actually be ineligible to sustain a claim because they were not employed during the FLSA period. Similarly, while the Notice indicates that it is related to claims under the FLSA, and that failing to return the Notice may mean that an individual "may not be eligible to participate in the FLSA portion of this lawsuit," the Notice fails to even note that there may be another "portion" of the litigation. And as if to further compound the confusion, Plaintiffs note in the section "What is this collective action lawsuit about" that "Plaintiffs allege that Defendants' compensation practices violated federal *and state* law."

It should be noted that no adverse effect will result from limiting the notice period to the FLSA statute of limitations. If Plaintiffs are inclined to pursue their NYLL claims on a larger-scale basis, they will move for class certification under FRCP 23. If they are successful (and Defendants dispute that this will be the case), then "that class would be opt-out, not opt-in, in nature." *Arciello*, 2017 U.S. Dist. LEXIS 179182 at *19. Thus, if a class is certified, "there is no danger of claim lapse" for any potential NYLL class members. *Hamadou*, 915 F. Supp. 2d at 668; *see also Arciello*, 2017 U.S. Dist. LEXIS 179182 at *19; *Garcia,* 102 F. Supp. 3d at 550 (rejecting six-year notice period in favor of a three-year period to avoid confusion and because "[i]f a class is certified under New York law, class members will receive notice through the class action notification process). Given the potential confusion if the notice period exceeds the FLSA statute of limitations, and the irrelevance of NYLL claims to the certification process, the Court should only order a three-year notice period if it certifies a collective.

2.   <u>Plaintiffs' Proposed Notice is Deficient in Other Respects</u>

Apart from the procedural impediments to Plaintiffs requested notice period, there are also serious issues with the Notice itself which warrant its rejection. It is for this very reason that Defendants request that the Court direct the parties to meet and confer regarding the form and content of the Notice, which can then be submitted for review. *See e.g. Rojas*, 2017 U.S. Dist. LEXIS 112491 at *14 (ordering the parties to meet and confer to submit a joint proposed notice); *Santiago*, 2017 U.S. Dist. LEXIS 52058 at *8 (noting required modifications to Plaintiffs' proposed notice and then directing the parties to meet and confer before submitting a new proposed notice for approval); *Garcia v. Spectrum of Creations, Inc*., 102 F.Supp.3d at 552 (directing the parties to "meet and confer in good faith regarding the content of the proposed notice"); *Mendoza,* 2015 U.S. Dist. LEXIS 138280 at *24 (providing proposed form notice and directing the parties to confer regarding the use of same and for the purpose of considering whether any modifications should be submitted for court approval). That said, there are several deficiencies in the Notice which warrant the Court's attention.

For one, the Notice inadequately describes the opt-in Plaintiffs' potential obligations in the litigation. The Notice does not note that opt-in Plaintiffs may be liable to pay Defendants' costs if they prevail in the litigation, which is necessary information. *See Guan*, 2016 US Dist LEXIS 106741 at *16. The Notice also inadequately summarizes Plaintiffs' discovery obligations, merely noting that they "should" preserve all documents relating to the Defendants currently in their possession, rather than stressing that they "must" do so and that a failure to adequately preserve documents may lead to court imposed sanctions.

The Notice should also include contact information for Defendants' counsel. *See Guan* at *17 (authorizing notice including contact information for defendants' counsel); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 486 (S.D.N.Y. 2016) (same). This "information is necessary to 'afford[] employees the opportunity to communicate with defense counsel," and "[i]nclusion of such information is routine." *Guo* 2014 U.S. Dist. LEXIS 147981 at *10. The Notice should also adequately explain the concept of a contingency fee. "To make a reasoned decision about whether to opt in, potential class members must have a general understanding that plaintiffs' counsel will take a portion of any settlement or money judgment the class receives." *Id.* at *11. Notably, while the Notice references that Plaintiffs would be represented by counsel on a contingency fee basis, it also states that this concept will be "explain[ed] in a written retainer agreement." Thus, opt-in Plaintiffs will have to read and understand a potentially complex retainer agreement in order to understand how their counsel will be compensated, rather than receiving a plain language explanation on the Notice itself. Inasmuch as "such information is standard" in collective notices, the Notice in this action should properly explain the notion of a contingency fee. *Id.* at *11 (collecting cases).

Ultimately, Defendants submit that the best practice, in light of these deficiencies, is to allow the parties to meet and confer before submitting a revised notice for Court approval (or before stipulating to same). Nevertheless, these issues are fatal to the proposed Notice in this matter, and same must be revised to correct the deficiencies. Accordingly, the Court should decline to approve Plaintiffs' proposed Notice.

## POINT III

## THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

Finally, Plaintiffs request that, "to avoid inequitable circumstances," the FLSA statute of limitations should "be tolled until such time that Plaintiffs are able to send notice to potential opt-in plaintiffs." What Plaintiffs fail to note is that equitable tolling is only warranted in extraordinary circumstances, which are simply not present in this action. Additionally, Plaintiffs ignore that equitable tolling is much more appropriately considered on an individualized basis, given the fact specific nature of the inquiry. Accordingly, the Court should decline to allow for equitable tolling on a collective-wide basis.

"The Second Circuit has repeatedly cautioned that 'equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances.'" *Contrera,* 2017 U.S. Dist. LEXIS 165536 at *44; *Mendoza v. Ashiya Sushi 5, Inc.*, 2013 U.S. Dist. LEXIS 132777, at *30 (S.D.N.Y. Sep. 16, 2013) ("The Second Circuit has cautioned that the doctrine [of equitable tolling] should be invoked 'only in rare and exceptional circumstances.'") (internal quotation omitted). Given this high burden, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). "As noted by another court in this district in denying equitable tolling in an FLSA suit, the equitable tolling inquiry is 'a highly factual issue that depends on what and when a plaintiff knew or should have known.'" *Contrera,* 2017 U.S. Dist. LEXIS 165536 at *44 (*quoting Balderramo v. Taxi Tours Inc.*, 2017 U.S. Dist. LEXIS 89404, at *15 (S.D.N.Y. June 9, 2017)).

21

Plaintiffs can establish neither element of the equitable tolling inquiry. First, there is nothing to suggest that any members of the putative collective have been pursuing their rights diligently. To the contrary, the allegations in the declarations suggest that at least some of the members of the collective were fully cognizant of the purported wage and hour violations by Defendants, yet they took no action regarding same. Indeed, the experiences of Galvez and Campos suggest that the members of the collective have been acting in as dilatory a fashion as possible. Campos, despite his prior status as a named Plaintiff, has completely disappeared, and been dismissed from the litigation. Similarly, Galvez waited several months after submitting his declaration to Plaintiffs' counsel before filing a consent to join the litigation form. To the extent that Galvez and Campos were representative of the members of the collective, such status clearly undermines any claim for collective-wide equitable tolling.

Since Plaintiffs cannot establish that the members of the collective have been pursuing their rights diligently, the Court "need not reach the second prong of the equitable tolling doctrine." *Contrera,* 2017 U.S. Dist. LEXIS 165536 at *48. However, it is also apparent that Plaintiffs can show no extraordinary circumstance which may have stood in the way of *each member* of the proposed collective joining the action. As with their failure to address the first element of the inquiry, Plaintiffs do not even bother to allege any form of collective-wide, or even individual, extraordinary circumstances. Accordingly, equitable tolling for the entire collective must be denied. *See e.g. Guo*, 2014 U.S. Dist. LEXIS 147981 at *14 – 15 (denying equitable tolling because "plaintiffs have not alleged any unusual or extraordinary circumstances.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification should be

denied, plus such other and further relief as the Court deems just and proper.

Dated: January 8, 2018
      Jericho, New York

**NIXON PEABODY LLP**

By:    */s/ Jeffery A. Meyer*        
      Jeffery A. Meyer
      David A. Tauster
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
jmeyer@nixonpeabody.com
dtauster@nixonpeabody.com
*Attorneys for Defendants*

4839-8697-5834.1